ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
M. BRIDGET MINDER
Assistant U.S. Attorney
Arizona State Bar No. 023356
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Email: mary.minder@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-00621-PHX-GMS |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Dean Riley Welfringer, | |
| Defendant. | |

The government asks the Court to accept the plea agreement and impose a probationary sentence and fine, as recommended in the Presentence Investigation Report (*see* PSR, doc. 16).  A sentence of two years' probation and a fine of $1,500 reflects the seriousness of the offense and adequately addresses public policy concerns.

**A.     The Sentencing Guidelines Range**

The PSR calculates a total offense level of nine and criminal history category of one, resulting in a Sentencing Guidelines range of 4-10 months.  The PSR recommends a sentence of two years' probation. PSR at 14-15.  A probationary sentence would equate to a one-level downward variance.

**B.     The 3553(a) Factors**

The government believes a probationary sentence is sufficient to comply with the factors in 18 U.S.C. § 3553(a), in particular the history and characteristics of defendant and

the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and avoid unwarranted sentencing disparities.

As detailed in the PSR, aside from the instant offense, Defendant's history and characteristics are admirable. Defendant attended the Air Force Academy for one year and later attended the University of Washington, where he earned a Bachelor's and a Master's degree and was a member of the Golden Rey National Honor Society. PSR ¶ 35. He worked for several government agencies between 2002 and 2018, and now works for a private employer. PSR ¶¶ 36-39. He has strong relationships with his wife and children. PSR ¶ 30. He has not abused any substances and, before this offense, had no contacts with law enforcement. PSR ¶¶ 22-28, 34. Defendant's conduct during the investigation of this matter also has been exemplary. Defendant cooperated with the government, readily admitted his offense, and expressed remorse for his actions. His willingness to enter into a pre-indictment resolution saved significant government resources.

Defendant's offense stands in stark contrast to his many positive attributes. Defendant abused his position as a Credit Union Examiner with the National Credit Union Association (NCUA) to get a loan for which he was not qualified. PSR ¶¶ 5-8. Defendant was not a member of the credit union and did not meet the criteria for the loan because of a recent bankruptcy filing. PSR ¶ 7. While there is no specific information as to why or how defendant got the loan, it is notable that the credit union's rating increased shortly after he got the loan and decreased again after he left NCUA. PSR ¶ 8. Regardless of whether there was a *quid pro quo* agreement between defendant and the credit union, he should not have applied for or accepted the loan.[1]

In light of defendant's history and characteristics, and considering the circumstances of his offense, the government believes that the public policy factors set forth in 18 U.S.C. § 3553(a)(2) are adequately addressed by a sentence of two years' probation and a $1,500 fine. Protection of the public and specific deterrence are not significant concerns in this

---

[1] Defendant has been making required payments on the loan and there is no loss to the credit union.

case as defendant is not likely to commit another offense. Further, a sentence of two years' probation and a fine promotes respect for the law and provides just punishment. During that time, defendant will be supervised by the Probation Office. He will be prohibited from making major purchases or incurring financial obligations without approval and must provide any requested financial information to the Probation Office. In addition, defendant has already experienced, and will continue to experience, significant collateral consequences resulting from his offense and felony conviction, including the end of his career as a federal employee, the loss of his right to vote and serve on a jury, and limitations on his ability to get a job or a loan in the future.

**Conclusion**

For all of these reasons, the government requests the court (1) accept the plea agreement, (2) impose a sentence of two years' probation, and (3) order defendant to pay a fine in the amount of $1,500.

Respectfully submitted this 23rd day of July, 2018.

        ELIZABETH A. STRANGE
        First Assistant United States Attorney
        District of Arizona

        *s/Mary Bridget Minder*
        M. BRIDGET MINDER
        Assistant U.S. Attorney

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:   David Lish

*s/Gaynell Smith*
U.S. Attorney's Office